HART v. CHASE et al.

(Supreme Court, Appellate Division, First Department. January 10, 1902.)

EXAMINATION OF DEFENDANT—MOTION—AFFIDAVIT—SUFFICIENCY.

An affidavit in support of a motion for the examination of L., one of the defendants, alleged that the action was to recover commissions for obtaining subscriptions to an additional capital for a corporation, and that the subscribers appointed plaintiff and D. attorneys in fact to subscribe to the shares, and directed that 5 per cent. of the amount subscribed be set aside to pay plaintiff and D. to liquidate the expenses of the corporate organization, and for their compensation; that, although D. was named as attorney in fact, L. was such attorney in fact, acting independently and receiving all the money, and that he claimed to have paid over the amount subscribed for, less 5 per cent., but that the amount used to liquidate expenses and the amount paid to D. were unknown to plaintiff; and that he desired to examine L., in order that he might know what amount to sue for. *Held*, that the affidavit was insufficient, as stating no cause of action against L., inasmuch as the fact that he received the subscriptions raised no obligation on his part to respond to plaintiff, and it did not appear what plaintiff's claim was, or what he believed himself entitled to.

Appeal from special term, New York county.

Action by Gerald E. Hart against William D. Chase and another. From an order denying a motion to vacate an order for the examination of one of the defendants, they appeal. Reversed.

The following is the affidavit in support of the motion for the examination: "Gerald E. Hart, being duly sworn, deposes and says: That he is the plaintiff in the above-entitled action; that this action was commenced by the service of a summons upon the defendants on the 31st day of May, 1901; that all of the defendants have appeared in this action. That the names and residences of all the parties to this action are as follows: Edward V. Loew, 25 West 57th St., New York City. Office, 175 Broadway, N. Y. City; William D. Chase, Yonkers, N. Y., with an office at 78 William St., New York City; Gerald E. Hart, 160 West 96th St., Borough of Manhattan, City of New York. That the defendant Edward V. Loew appeared by his attorney, Charles Ruston, of 175 Broadway, and the defendant William D. Chase appeared by his attorneys, Freyer, Smith, White & Seaman, of No. 141 Broadway, all of the city of New York. Gerald Hart, plaintiff, by Holm & Smith, 61 Park Row, Borough of Manhattan, City of New York. That this action is brought for the purpose of recovering commissions and compensations for services in obtaining subscriptions to an additional capital and surplus for the New Amsterdam Casualty Company, upon an agreement in writing here annexed and made a part hereof, and judgment will be asked for the amount of plaintiff's commissions, compensation, and service. That the New Amsterdam Casualty Company, hereinafter referred to, is now a corporation organized and existing under the laws of the state of New York, the original capital stock of which was $200,000, and a surplus of $100,000, the par value of each share being $100, and the price at which each share was subscribed for was $150 per share, $100 of which was paid for the par value of each share, and $50 towards the surplus, as aforesaid. That after the incorporation of said company and the subscriptions to said stock as aforesaid, and prior to the commencement of this action, the original capital stock of $200,000 and surplus of $100,000 of the said New Amsterdam Casualty Company was authorized by said company to be increased to $350,000 capital, and surplus of $175,000. That the additional capital stock and additional surplus of the New Amsterdam Casualty Company subscribed for was subscribed to by the various subscribers thereto, upon an agreement in writing, which provided that the par value of each share was $100, and that the price at which each share was subscribed for

was $150 per share, the sum of $100 going to the additional capital stock and the balance, namely, $50, to the additional surplus fund of said company. That the subscribers, by an agreement in writing and for a valuable consideration, appointed William D. Chase as attorney in fact and trustee, to subscribe to the respective number of shares of additional stock subscribed by said subscribers, upon the annexed agreement, which directed that 5 per cent. of the amount subscribed to the additional capital and surplus be set aside and paid to William D. Chase and Gerald E. Hart, for the purpose of liquidating all expenses and obligations incurred in the organization of the company, and for their compensation for services in connection therewith. That an amount of additional capital and additional surplus, as aforesaid, was subscribed for, but the actual amount of subscriptions subscribed to the said additional capital stock and surplus is unknown to the plaintiff. That although the defendant Chase was named as attorney in fact in said agreement, the defendant Edward V. Loew acted independently of and was in fact the attorney in fact, and received all of the money for the said subscriptions to the additional capital and surplus. That the defendant, Loew, after receiving the amount so subscribed to the additional capital and surplus, claims to have paid over the amount of the additional stock and surplus subscribed for to the New Amsterdam Casualty Company, less the 5 per cent. That the amount subscribed to the additional capital and additional surplus, and amount used for the purpose of liquidating all expenses and obligations incurred in the organization of the company, to whom paid, and for what paid, and if properly paid, and the amount paid to William D. Chase, are unknown to the plaintiff, the subscription agreements and moneys paid thereon having passed through the hands of said Loew, and the plaintiff desires to examine the defendant Edward V. Loew before service of the complaint, to enable this plaintiff to frame his complaint, that he (plaintiff) may know what amount to sue for, the said Loew refusing to inform plaintiff of the amount subscribed and paid out for the purpose of liquidating the expenses and obligations incurred in organizing said company, and that without the said examination he is not able to frame his complaint, for the reason that the defendant Loew received all the money for the additional stock and additional surplus subscribed, and has special knowledge of the aforesaid facts, which must be set up in the complaint; and, plaintiff being ignorant of same, that knowledge of these facts are not in the possession of the plaintiff, or of any one excepting the defendant Loew. That the defendant Loew received all the subscriptions and moneys paid thereon on account of same, and also paid out all the moneys, if any, for the purpose of liquidating all expenses and obligations incurred in the organization of the company, as made and provided by the said subscription agreement hereto annexed, and made a part hereof. That the plaintiff duly performed the services required of him by said agreement, and by virtue of said agreement, and in reliance and in consideration of same. That plaintiff had personally asked the said Loew for the information which is set forth above, but he refused to give the plaintiff the information. That the plaintiff has fully and fairly stated his case to Terry Smith, his counsel, who resides at 138 West 36th street, in the borough of Manhattan, city of New York, and he has a good cause of action against the defendants; and that it is necessary to examine said Loew to intelligently frame his complaint, as he is advised by his counsel, after such statement made to his said counsel, which deponent verily believes. That the testimony of Edward V. Loew is material and necessary for the plaintiff, and without which plaintiff will be unable to frame his complaint, the plaintiff being entirely ignorant of the amount subscribed and amount paid out, as provided by the annexed agreement. Wherefore, plaintiff desires an order to examine the defendant Loew before trial, for which no other or previous application has been made to any court or judge, except that on the 17th day of July, 1901, an order was obtained from Mr. Justice Blanchard for the examination of the said Edward V. Loew, which order on a motion duly made by Edward V. Loew was vacated by Mr. Justice Bischoff, on the ground that the order was not served on his attorney, without prejudice, however, to the plaintiff to renew the application."

Argued before VAN BRUNT, P. J., and McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

C. Ruston, for appellants.

T. Smith, for respondent.

VAN BRUNT, P. J.   While, undoubtedly, it is not necessarily requisite that an affidavit in an application of this description should state a complete cause of action, yet the nature of the action must be stated, and the substance of the judgment demanded, and it must be seen that the plaintiff is entitled to some relief.   In the case at bar the affidavit, while indulging in general allegations of facts clearly not within the affiant's knowledge, states no cause of action whatever against this defendant who is sought to be examined.   The agreement which is sought to be made the basis of the action in no way bound the New Amsterdam Casualty Company, and the fact that the defendant received the subscriptions provided for in said agreement raised no obligation whatever upon his part to respond to the plaintiff.   And, furthermore, it may be said that it nowhere appears what the plaintiff's claim is, or to what he believes himself to be entitled.   Under these circumstances, we think that there was not only no cause of action shown, but, so far as the facts disclose, an absolute want of any right to proceed against this defendant.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.   All concur.